20-2349-cr(L)
United States v. Mattes

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of January, two thousand twenty-two.

PRESENT: PIERRE N. LEVAL,
RAYMOND J. LOHIER, JR.,
MYRNA PÉREZ,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                          Nos. 20-2349-cr(L),
20-2511-cr(CON)

BRIAN MATTES,

*Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT:     Alessandra DeBlasio, New York, NY

FOR APPELLEE:     Rajit S. Dosanjh, Lisa M. Fletcher, Assistant United States Attorneys, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY

Appeal from orders of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the orders of the District Court are AFFIRMED.

In these consolidated appeals, Brian Mattes challenges three orders of the United States District Court for the Northern District of New York (Suddaby, C.J.), two of which denied a motion for a reduction of sentence and one of which denied a motion for reconsideration.   In 2009 Mattes pleaded guilty to receiving and possessing child pornography, and he was subsequently sentenced principally to a term of 220 months' imprisonment.   On June 11, 2020, Mattes filed a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that his hypertension and other health conditions created a heightened risk of serious illness if he were to contract COVID-19.   In support of his motion,

Mattes asserted that he had served approximately 75 percent of his sentence and was convicted of a "non-violent" offense that occurred more than ten years earlier. He also submitted, among other documents, a proposed reentry plan. The District Court denied Mattes's motion on June 16, 2020, and denied his subsequent motion for reconsideration on July 14, 2020, each time by text order. On July 20, 2020, Mattes filed a second motion for reduction of sentence, in which he described his efforts at rehabilitation, self-improvement, and community service while incarcerated. The District Court denied the July 20 motion two days later, again by text order. We assume the parties' familiarity with the underlying facts and prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"We typically review the denial of a motion for a discretionary sentence reduction for abuse of discretion." United States v. Holloway, 956 F.3d 660, 664 (2d Cir. 2020). Before reducing a defendant's term of imprisonment under the relevant compassionate release provision, 18 U.S.C. § 3582(c)(1)(A), a district court must "find[] that . . . extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i). Even if "extraordinary and compelling"

3

circumstances exist, a district court may not reduce a defendant's sentence before "considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." Id. § 3582(c)(1)(A); see United States v. Keitt, 21 F.4th 67, 71 (2d Cir. 2021). Moreover, as we have recently reaffirmed, "a district court's reasonable evaluation of the Section 3553(a) factors is an alternative and independent basis for denial of compassionate release." United States v. Jones, 17 F.4th 371, 374 (2d Cir. 2021) (quotation marks omitted).

In denying Mattes's motions, the District Court stated that "the nature and circumstance of the offenses of which [Mattes] was convicted, the percentage of the sentence he has served thus far, and the nature of his proposed residence plan weigh against compassionate release." App'x 34 (June 16, 2020 order denying first motion for reduction of sentence); see also App'x 40 (July 14, 2020 order denying motion for reconsideration); App'x 50 (July 22, 2020 order denying Mattes's second motion for reduction of sentence "for the reasons stated in the Court[']s Text Order of 06/16/2020"). Pointing to the brevity of the District Court's text orders and the fact that they were issued prior to United States v. Brooker, 976 F.3d 228 (2d Cir. 2020), Mattes contends that the District Court

4

failed to consider all of the § 3553(a) factors, such as his efforts at rehabilitation. We are not persuaded.

As Mattes concedes, "[w]e have never required a district court to 'address every argument the defendant has made or discuss every § 3553(a) factor individually.'" Keitt, 21 F.4th at 72 (quoting United States v. Rosa, 957 F.3d 113, 119 (2d Cir. 2020)). We "presume[] that the sentencing judge has considered all relevant § 3553(a) factors and arguments unless the record suggests otherwise." Rosa, 957 F.3d at 118.

Here, nothing in the record suggests that the District Court failed to consider the § 3553(a) factors, including Mattes's efforts to rehabilitate. Nor did the District Court abuse its discretion to the extent it may have afforded more weight to the nature and circumstances of Mattes's offense, including his history of violating supervised release by having unauthorized and inappropriate contact with minors and failing to provide information to his probation officer. See Jones, 17 F.4th at 374 n.3 (noting that "we have affirmed orders issued prior to Brooker where the district court alternatively concluded that denial of compassionate release was warranted based on the § 3553(a) factors").

Finally, Mattes also challenges the District Court's ruling that he failed to demonstrate an extraordinary or compelling reason for a sentence reduction. See App'x 34.   Because we conclude that the District Court did not abuse its discretion in denying Mattes's motions based on the § 3553(a) factors, we express no view about that ruling.   See Jones, 17 F.4th at 374; Keitt, 21 F.4th at 73 & n.4 (holding that a "district court may rely solely on the § 3553(a) factors when denying a defendant's motion for compassionate release").

We have considered Mattes's remaining arguments and challenges not referenced herein and conclude that they are without merit.   For the foregoing reasons, the orders of the District Court are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court