20-3220-cr
United States v. Elston

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand twenty-two.

PRESENT:  ROBERT D. SACK,
                      RAYMOND J. LOHIER, JR.,
                      WILLIAM J. NARDINI,
                              *Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

             *Appellee*,

        v.                                                          No. 20-3220-cr

CALVIN ELSTON,

             *Defendant-Appellant*.*

------------------------------------------------------------------

---

\* The Clerk of Court is directed to amend the caption as set forth above.

FOR DEFENDANT-APPELLANT:      Calvin Elston, *pro se*, Ayer, MA

FOR APPELLEE:                 Katherine A. Gregory, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY

Appeal from an order of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the August 12, 2020 order of the District Court is AFFIRMED.

Calvin Elston, pro se, appeals from an August 12, 2020 order of the United States District Court for the Western District of New York (Arcara, J.) denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). In 2019 the District Court sentenced Elston to 235 months' imprisonment for conspiring to distribute 400 grams or more of fentanyl. On May 18, 2020, Elston filed a counseled motion for compassionate release, arguing that he was at heightened risk of serious illness if he were to contract COVID-19. In a text order, the District Court denied the motion. We assume the parties' familiarity with the

2

underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Under the relevant compassionate release provision, a district court may reduce a defendant's term of imprisonment, up to and including release from prison, only if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Even if "extraordinary and compelling" circumstances exist, a district court must also consider "the factors set forth in section 3553(a) to the extent that they are applicable." Id. § 3582(c)(1)(A); United States v. Jones, 17 F.4th 371, 374 (2d Cir. 2021). "We typically review the denial of a motion for a discretionary sentence reduction for abuse of discretion." United States v. Holloway, 956 F.3d 660, 664 (2d Cir. 2020).

The District Court assumed that Elston established extraordinary and compelling reasons for a sentence reduction, but it denied his motion based on its analysis of the § 3553(a) factors. What weight to afford to any particular § 3553(a) factor is a matter firmly committed to the District Court's discretion, and we do not second-guess the weight a court places on any given factor. See United States v. Capanelli, 479 F.3d 163, 165 (2d Cir. 2007). Here the District

3

Court focused especially on Elston's leadership role in a large-scale narcotics conspiracy, concluding that the nature of Elston's offense and the danger to the community that his release would pose counseled against release.

We reject Elston's argument that the District Court was precluded from considering whether Elston posed a danger to the community; to the contrary, it is a factor that § 3553(a) required the court to consider. See 18 U.S.C. § 3553(a)(2)(C). Finally, it was not an abuse of discretion to deny the motion altogether instead of considering a shorter reduction of sentence, as Elston contends, especially since Elston failed to present that possibility to the District Court in the first instance. Nothing in this order prevents Elston from renewing his request for a shorter sentence reduction before the District Court.

To summarize, the District Court did not abuse its discretion when it reviewed the relevant § 3553(a) factors and concluded that they weigh against release or a reduction of sentence. Its denial was not based on an erroneous view of the law or a clearly erroneous assessment of the evidence, and it falls neatly "within the range of permissible decisions." United States v. Keitt, 21 F.4th 67, 71 (2d Cir. 2021) (quotation marks omitted).

4

We have considered Elston's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court