*United States v. Conley*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of May, two thousand twenty-two.**

**PRESENT:**
> **ROSEMARY S. POOLER,**
> **RICHARD C. WESLEY,**
> **MYRNA PÉREZ,**
> *Circuit Judges.*

_____

**United States of America,**

> *Appellee,*

> **v.**                                                              **20-3144**

**Reno Conley,**

> *Defendant-Appellant.*

_____

| | |
|---|---|
| **FOR APPELLEE:** | Rajit S. Dosanjh, Assistant United States Attorney, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY. |
| **FOR DEFENDANT-APPELLANT:** | Reno Conley, pro se, Coleman, FL. |

Appeal from an order of the United States District Court for the Northern District of New York (Scullin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 18, 2020 order of the district court is **AFFIRMED**.

Defendant-Appellant Reno Conley, pro se, appeals the district court's order denying his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (commonly referred to as "compassionate release"). Conley pleaded guilty to possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). In 2019, the district court sentenced Conley to a below-guidelines sentence of 68 months' imprisonment to run concurrently to any New York State sentence. **[A-22–23]** In 2020, Conley moved for compassionate release based on his medical conditions and the COVID-19 pandemic, among other things. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, we have jurisdiction over this appeal. Although Conley's notice of appeal was untimely, the timely filing of a notice of appeal is not jurisdictional in a criminal case, and, here, the Government expressly waived any objection to this issue. *See* Fed. R. App. P. 4(b)(1); *United States v. Frias*, 521 F.3d 229, 232 (2d Cir. 2008); Appellee Br. at 4 n.3.

Turning to the merits, a district court "may reduce" a defendant's term of imprisonment, "after considering the factors set forth in section 3553(a)," if "extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i). We review a district court's denial of a motion for compassionate release for abuse of discretion. *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022). "A district court has abused its discretion if it has (1) based its

ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (quoting *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021)).

The district court did not abuse its discretion by denying Conley's motion for a sentence reduction based on the § 3553(a) factors. This Court has "never required a district court to 'address every argument the defendant has made or discuss every § 3553(a) factor individually.'" *Keitt*, 21 F.4th at 72 (quoting *United States v. Rosa*, 957 F.3d 113, 119 (2d Cir. 2020)). As such, that the district court only expressly referenced one of the factors—the danger Conley posed to the public—is not grounds for finding an abuse of discretion.

Moreover, the district court's conclusion that Conley's release would be inconsistent with the § 3553(a) factors fell "within the range of permissible decisions." *See Keitt*, 21 F.4th at 71 (quoting *Saladino*, 7 F.4th at 122). This offense was Conley's fifth felony conviction, arose out of conduct involving a firearm, and occurred while he was on work release. At the time of this motion, Conley had served less than half of his 68-month sentence. *See United States v. Kantor*, 853 F. App'x 723, 726 (2d Cir. 2021) (summary order) ("[The § 3553(a)] inquiry often involves assessing the proportion of a defendant's stated sentence yet to be served.").

Nor was it an abuse of discretion to deny Conley's motion without considering whether he had shown extraordinary and compelling reasons to reduce his sentence, having denied the motion on § 3553(a) grounds. *See Keitt,* 21 F.4th. at 73 (holding when district court denies a compassionate release motion "in sole reliance on the applicable § 3553(a) sentencing factors, it need not determine whether the defendant has shown extraordinary and compelling reasons that

3

might . . . justify a sentence reduction"); *see also United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) ("a district court's reasonable evaluation of the Section 3553(a) factors is an alternative and independent basis for denial of compassionate release") (internal quotation marks omitted).

Conley asserts that the district court improperly considered U.S.S.G. § 1B1.13. After the district court denied Conley's motion, this Court decided *United States v. Brooker*, holding that § 1B1.13 is not "applicable" to compassionate release motions, like this one, brought by a defendant instead of by the Director of the Bureau of Prisons. 976 F.3d 237, 235–36 (2d Cir. 2020). Here, however, there is no indication that the district court permitted § 1B1.13 to "constrain" its discretion. *Cf. id.* at 236. Thus, even if the court improperly considered § 1B1.13, the error does not warrant reversal, for this Court has "affirmed orders issued prior to *Brooker* where the district court alternatively concluded that denial of compassionate release was warranted based on the § 3553(a) factors." *See Jones*, 17 F.4th at 374 n.3.

We have considered all of the parties' remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4