21-1064-cr
United States v. Lee (Campbell)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of May, two thousand twenty-two.

PRESENT:
> AMALYA L. KEARSE,
> SUSAN L. CARNEY,
> EUNICE C. LEE,
> *Circuit Judges*.

_____

United States of America,

*Appellee*,

v.                                                                    21-1064

Desmond Campbell,

*Defendant-Appellant*,

Stephen Lee, AKA Chino, Kirk McNally, Derrick Magnus, Ian Dawkins, Douglas Rose, Ortavia Lamandez Austin, AKA Mandez, Ann-Marie Ramsay Fisher, Phillip Hanson, Simone Penrose, Tyrone Campbell, AKA Duck, Elijah Emanuel Brown, AKA Shek,

*Defendants*.[*]

_____

[*] The Clerk of Court is directed to amend the case caption to conform to the above.

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Desmond Campbell, pro se, McRae-Helena, GA. |
| **FOR DEFENDANTS-APPELLEES:** | Jo Ann M. Navickas, Laura Zuckerwise, Assistant United States Attorneys, *for* Breon Peace, United States Attorney, Eastern District of New York, Brooklyn, NY. |

Appeal from an order of the United States District Court for the Eastern District of New York (Ross, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the April 12, 2021 order of the district court is **AFFIRMED.**

Appellant Desmond Campbell, proceeding pro se, appeals from the district court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Campbell moved for compassionate release in March 2021, asserting that his age, medical conditions, and conditions of incarceration placed him at an elevated risk of contracting and suffering severe consequences from COVID-19. The district court denied the requested relief, reasoning that Campbell had not established extraordinary and compelling reasons for release, and that even if the proffered reasons were extraordinary and compelling, they would be outweighed by the 18 U.S.C. § 3553(a) factors as applied to Campbell, because these did not favor early release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, and refer to them only as necessary to explain our decision.

We review the denial of a discretionary sentence reduction for abuse of discretion. *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (per curiam). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of

permissible decisions." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (per curiam) (quoting *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021)).

Under § 3582(c)(1)(A), a district court may reduce a term of imprisonment or release a defendant upon a finding that "extraordinary and compelling reasons warrant such a reduction," and after "considering the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). To support such a reduction, the district court must find that the defendant has cited circumstances relevant to him that "are indeed 'extraordinary and compelling' such that, in light of the[] § 3553(a) factors, a sentence reduction is justified under § 3582(c)(1)(A) and would not simply constitute second-guessing of the sentence previously imposed." *Keitt*, 21 F.4th at 71.

We affirm because, even assuming that Campbell did establish extraordinary and compelling reasons for his release, the district court did not abuse its discretion in denying the motion based on its conclusion that the § 3553(a) factors did not warrant granting Campbell's motion. The district court's "reasonable evaluation of the Section 3553(a) factors is an alternative and independent basis for denial of compassionate release." *Jones*, 17 F.4th at 374 (internal quotation marks omitted). The district court considered the limited proportion of the sentence imposed that Campbell had already served; the six-year period between Campbell's guilty plea and sentencing, during which he was a fugitive; and the long duration of his offense conduct. Having reviewed these circumstances, the district court reasonably concluded that early release would not sufficiently reflect the seriousness of his offense, afford adequate deterrence to criminal conduct, promote respect for the law, or provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A), (B). On appeal, Campbell argues that the district court should also have considered the absence of disciplinary infractions incurred by him while incarcerated and his good conduct during the six-

year period when he was a fugitive (while acknowledging that he should not have fled the United States). He raised neither of those arguments in the district court, however, and we decline to consider them now. *See Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 118 (2d Cir. 2021) ("It is a well-established general rule that a court of appeals will not consider an issue raised for the first time on appeal." (internal quotation marks omitted)).

Campbell further argues that the court should have given more weight to evidence of his rehabilitation. But "the weight to be afforded any § 3553(a) factor is a matter firmly committed to the discretion of the sentencing judge and is beyond [this Court's] review, as long as the sentence ultimately imposed is reasonable." *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) (internal quotation marks omitted).

We have considered all of Campbell's remaining arguments and find in them no basis for reversal. Accordingly, we **AFFIRM** the April 12, 2021 order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4