*United States v. Maximo Reyes*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of May, two thousand twenty-two.

PRESENT:
> JON O. NEWMAN,
> JOHN M. WALKER, JR.,
> RICHARD J. SULLIVAN,
>
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

v.                                                                                    No. 20-3285

MAXIMO REYES,

> *Defendant-Appellant.**

_____

* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

_____

**FOR DEFENDANT-APPELLANT:**    Maximo Reyes, pro se, McRae, GA.

**FOR APPELLEE:**    Daniel G. Nessim, Karl Metzner, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.


Appeal from an order of the United States District Court for the Southern District of New York (Katherine Polk Failla, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-Appellant Maximo Reyes, incarcerated and proceeding pro se, appeals from the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Reyes previously pleaded guilty to one count of participation in a racketeering enterprise, in violation of 18 U.S.C. § 1962(c), and one count of conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5), for which the district court sentenced him to thirty years'

2

imprisonment, to be followed by three years' supervised release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On July 22, 2020, having served approximately twenty-three years of his sentence, Reyes moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, Pub. L. No. 115-391. Reyes asserted that the COVID-19 pandemic constituted "an extraordinary and compelling reason" to reduce his sentence because his age and health conditions (including hypertension, hyperlipidemia, pre-cancerous colorectal polyps, and prior respiratory infections) put him at high risk of severe illness. 18 U.S.C. § 3582(c)(1)(A)(i). He also argued that his rehabilitative efforts following his guilty plea both contributed to establishing an extraordinary and compelling reason for release and favored a sentence reduction under 18 U.S.C. § 3553(a)'s sentencing factors. The district court denied the motion, finding that: (1) neither Reyes's health conditions nor his rehabilitative efforts constituted extraordinary and compelling reasons under section 3582(c)(1); and (2) given the severity of Reyes's offenses, the section 3553(a) factors weighed against granting his motion.

3

Reyes timely appealed.

We "review the denial of a motion for a discretionary sentence reduction for abuse of discretion." *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). "[O]nce we are sure that the sentence resulted from the reasoned exercise of discretion, we must defer heavily to the expertise of district judges." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc).

The First Step Act, in relevant part, permits a district court to "reduce the [defendant's] term of imprisonment . . . if it finds that[] extraordinary and compelling reasons warrant such a reduction" and that the reduction is consistent with the sentencing factors set forth in section 3553(a). 18 U.S.C. § 3582(c)(1)(A), (c)(1)(A)(i). In turn, section 3553(a) requires the sentencing court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant," *id.* § 3553(a)(1), while making sure that the sentence "reflect[s] the seriousness of the offense, . . . promote[s] respect for the law, . . . provide[s] just punishment for the offense," and "afford[s] adequate deterrence to criminal conduct," among other sentencing objectives, *id.* § 3553(a)(2)(A)–(B).

The district court did not abuse its discretion in denying Reyes's motion

4

under section 3582(c)(1). Although Reyes challenges the district court's conclusion that he failed to establish "an extraordinary and compelling reason for granting compassionate release" in light of the health risks associated with COVID-19 and his efforts toward rehabilitation, Suppl. App'x at 31–36, the district court's finding that a sentence reduction was unwarranted under the section 3553(a) factors was an independently sufficient ground on which to deny compassionate release. *See United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) ("[A] reasonable evaluation of the [s]ection 3553(a) factors is an alternative and independent basis for denial of compassionate release." (internal quotation marks omitted)). The record confirms that the district court carefully considered each of these factors, and while the court acknowledged Reyes's efforts toward rehabilitation, it nevertheless found that the section 3553(a) factors weighed heavily against a sentence reduction. In particular, the district court emphasized that Reyes had led a dangerous and "years-long" drug-trafficking enterprise that resulted in at least five murders. Suppl. App'x at 36. Although Reyes's plea deal with the government spared him from the prospect of a life sentence, the district court made clear that Reyes's crimes were "among the worst" it had ever seen.

5

*Id.* This conclusion is "within the range of permissible decisions," *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009), to which "we must defer heavily," *Cavera*, 550 F.3d at 193. We therefore hold that the district court did not abuse its discretion in denying Reyes's motion for compassionate release based on its assessment of the section 3553(a) factors.

We have considered all of Reyes's arguments and find them to be without merit. We therefore **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court