21-524-cr
United States v. Hilliard

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand twenty-two.

PRESENT: REENA RAGGI,
     RICHARD C. WESLEY,
     RAYMOND J. LOHIER, JR.,
      *Circuit Judges.*

-----------------------------------------------------------------

UNITED STATES OF AMERICA,

   *Appellee,*

  v.               No. 21-524-cr

ROSHEEN HILLIARD, AKA NYCE, AKA GHOST, AKA CUTT, AKA DADDY,

   *Defendant-Appellant.*\*

-----------------------------------------------------------------

---

\* The Clerk of Court is directed to amend the caption as set forth above.

FOR DEFENDANT-APPELLANT: Rosheen Hilliard, *pro se*, Morgantown, WV

FOR APPELLEE: Maurene Comey, Gillian S. Grossman, David Abramowicz, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY

Appeal from orders of the United States District Court for the Southern District of New York (Vincent L. Briccetti, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the orders of the District Court are AFFIRMED.

Rosheen Hilliard, proceeding pro se, appeals from a January 25, 2021 order of the United States District Court for the Southern District of New York (Briccetti, J.) denying his second motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), and from a February 17, 2021 order denying his motion for reconsideration. In 2018 the District Court sentenced Hilliard principally to 108 months' imprisonment for a conspiracy to traffic at least 100 grams of heroin, see 21 U.S.C. §§ 841(a), 841(b)(1)(B), 846. In May 2020 Hilliard moved for compassionate release, which the District Court denied. Hilliard renewed his motion for compassionate release in January 2021 and the District Court denied

2

both the renewed motion and Hilliard's subsequent motion for reconsideration. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review for abuse of discretion both the denial of a motion for compassionate release and the denial of a motion for reconsideration. See United States v. Holloway, 956 F.3d 660, 664 (2d Cir. 2020); United States v. Moreno, 789 F.3d 72, 78 n.4 (2d Cir. 2015). To reduce a defendant's term of imprisonment under § 3582(c)(1)(A)(i), a district court must find that "extraordinary and compelling reasons warrant such a reduction." United States v. Halvon, 26 F.4th 566, 568 (2d Cir. 2022) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). Even if such reasons exist, the district court "must also consider 'the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable' before it can reduce the defendant's sentence." United States v. Jones, 17 F.4th 371, 374 (2d Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). A district court's "reasonable evaluation" of the § 3553(a) factors serves as an "alternative and independent basis for denial of compassionate release." Id. (quotation marks omitted); see also United States v. Keitt, 21 F.4th 67, 73 (2d Cir. 2021) ("[W]hen a district court denies a defendant's

motion under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not determine whether the defendant has shown extraordinary and compelling circumstances that might (in other circumstances) justify a sentence reduction.").

On appeal, Hilliard contends that (1) his obesity, (2) the rise of COVID-19 cases in the facility in which he is incarcerated, (3) the COVID-related death of another inmate in his prison, and (4) his hepatitis-C condition constitute extraordinary and compelling reasons for his early release, but that the District Court failed adequately to account for either his hepatitis-C condition or the other inmate's death.

We need not determine whether any of these factors constitute extraordinary and compelling reasons for Hilliard's release. Even assuming that they are, the District Court's evaluation of the § 3553(a) factors provided an alternative and independent basis for its decisions to deny Hilliard's motions. See Keitt, 21 F.4th at 73. Contrary to Hilliard's argument on appeal, the District Court did not place undue weight on any single factor. Instead, in denying Hilliard's second motion for compassionate release, the District Court considered the seriousness of his offense and his criminal history, as well as the need to

4

"afford adequate deterrence" and "protect the public from further crimes of the defendant."  Supp. App'x 71.  In denying Hilliard's motion for reconsideration, the District Court reevaluated the § 3553(a) factors and determined that they continued to "weigh strongly against Hilliard's early release."  Supp. App'x 73.

We conclude that the District Court did not abuse its discretion when it determined that early release would not afford adequate deterrence, protect the public, or adequately reflect the seriousness of Hilliard's crimes.

We have considered Hilliard's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the challenged orders of the District Court are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5