20-4096-cr
*United States v. Yancy (Handy)*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of October, two thousand twenty-two.

PRESENT:
> **DENNIS JACOBS,**
> **JOSEPH F. BIANCO,**
> **EUNICE C. LEE,**
> *Circuit Judges.*

---

United States of America,

> *Appellee,*

> v.                                                               20-4096-cr

Brock Yancy, Akeem Shaw,
Larnell Houston, Rosalyn Edwards,

> *Defendants,*

Dwayne Handy,

> *Defendant-Appellant.*

---

FOR DEFENDANT-APPELLANT:                    Dwayne Handy, *pro se*,
                                             Brooklyn, NY.

FOR APPELLEE:                                Paul D. Silver, Assistant
                                             United States Attorney of

Counsel, *for* Carla B. Freedman, United States Attorney, Northern District of New York, Albany, NY.

Appeal from orders of the United States District Court for the Northern District of New York (Suddaby, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 30, 2020 and July 16, 2020 orders of the district court are **AFFIRMED**.

Appellant Dwayne Handy, *pro se*, appeals the district court's orders denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and his motion for reconsideration. Handy pled guilty to narcotics conspiracy, possession with intent to distribute cocaine and cocaine base, gun possession in furtherance of a drug trafficking crime, and being a felon in possession of a firearm. In 2015, the district court sentenced Handy, principally, to a total of 15 years' imprisonment, the aggregate mandatory minimum sentence. In 2020, he moved for compassionate release, arguing that his medical conditions increased his risk of serious complications from COVID-19 infection. We assume the parties' familiarity with the underlying facts and procedural history of this case, to which we refer only as necessary to explain our decision to affirm.

A district court "may reduce" a defendant's term of imprisonment, "after considering the factors set forth in [18 U.S.C. §] 3553(a)," if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see United States v. Brooker*, 976 F.3d 228, 235 (2d Cir. 2020). We review a district court's denial of compassionate release for abuse of discretion. *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022) (per curiam). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly

erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (per curiam) (internal quotation marks omitted). We presume that the district court has "'considered all relevant § 3553(a) factors and arguments' unless the record suggests otherwise." *Halvon*, 26 F.4th at 570 (quoting *United States v. Rosa*, 957 F.3d 113, 118 (2d Cir. 2020)); *see Keitt*, 21 F.4th at 72 (noting that a district court is not required to "address every argument the defendant has made or discuss every § 3553(a) factor individually" (internal quotation marks omitted)). Similarly, we review a district court's denial of a motion for reconsideration for abuse of discretion. *United States v. Moreno*, 789 F.3d 72, 78 n.4 (2d Cir. 2015).

We conclude that the district court did not abuse its discretion here. Regarding the initial motion for compassionate release, the district court acted well within its broad discretion in denying Handy's motion. *Brooker*, 976 F.3d at 237. Although Handy argues that the district court overlooked his asthma, which the Centers for Disease Control and Prevention ("CDC") lists as a heightened risk factor for severe illness from COVID-19, the district court correctly observed that Handy's medical records reflected that he had no history of asthma. Moreover, Handy points to no evidence in the record that undermines the district court's conclusion that the remaining conditions Handy presented (including hypertension, hyperlipidemia, and prediabetes) were not "so serious and unable to be controlled by the Bureau of Prisons" as to be high risk factors for serious complications from COVID-19 infection. Dist. Ct. ECF No. 162 (Text Order). Accordingly, we disagree with Handy's contention that the district court abused its discretion by inadequately assessing or overlooking his medical conditions. *See United States v. Jones*, 17 F.4th 371, 373–75 (2d Cir. 2021) (per curiam) (reasoning that a district court did not abuse its

3

discretion in ruling that movant's asthma, the severity of which was "open to question," did not warrant release where the CDC had designated moderate to severe asthma as a risk factor for severe illness from COVID-19).

In any event, the district court's separate evaluation of the Section 3553(a) factors provided an independent basis for a denial of Handy's motion. *See Keitt*, 21 F.4th at 73 n.4 (holding that "a district court may rely solely on the § 3553(a) factors when denying a defendant's motion for compassionate release"); *see also Jones*, 17 F.4th at 374 ("[A] district court's reasonable evaluation of the Section 3553(a) factors is an alternative and independent basis for denial of compassionate release." (internal quotation marks omitted)). The district court concluded that three sentencing factors "weigh[ed] decidedly against compassionate release"—namely, the seriousness and circumstances of the offense, the percentage of Handy's sentence served to that point in time, and his criminal history. Dist. Ct. ECF No. 162 (Text Order). With respect to the offense conduct, the record demonstrates that Handy participated in a narcotics conspiracy involving the distribution of substantial quantities of crack cocaine and the use of firearms to protect that narcotics operation. Moreover, Handy had an extensive criminal history and, when he filed the motion for compassionate release, had served less than half of his mandatory-minimum 15-year sentence on the instant case. The district court was thus well within its discretion in considering all of these facts as part of the requisite Section 3553(a) balancing and in denying Handy's motion for compassionate release. *See* 18 U.S.C. § 3553(a)(1)–(2) (sentencing factors include, among other things, the nature and seriousness of the offense, the defendant's criminal history and personal characteristics, and the need for a just punishment, deterrence, and protection of the public); *accord Keitt*, 21 F.4th at 71–73. In short, even assuming *arguendo* that Handy

4

demonstrated "extraordinary and compelling reasons" for release, the district court did not abuse its discretion in independently finding that the Section 3553(a) factors weighed against Handy's release.

We reach the same conclusion with respect to the denial of Handy's motion for reconsideration, which re-argued how his continued confinement increased his risk of contracting COVID-19 and having serious health complications. The district court did not abuse its discretion in concluding, after reviewing the reconsideration motion, that "the increase in risk [of severe illness from COVID-19] is a possibility, not a certainty" and, "[i]n any event, an independent ground remains on which to base a denial of [Handy's] motion for compassionate release: the Court's continued finding that the seriousness and circumstances of the offense of which [Handy] was originally convicted, the percentage of his sentence served thus far, and his prior criminal history weigh decidedly against compassionate release." Dist. Ct. ECF No. 167 (Text Order).

We have considered all of Handy's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the orders of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
