20-3698-cr
United States v. Jones

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term, 2021

(Submitted: September 3, 2021　　Decided: November 16, 2021)

Docket No. 20-3698-cr

---

UNITED STATES OF AMERICA,

*Appellee,*

v.

MARK JONES, AKA BANGER,

*Defendant-Appellant.* [*]

---

Before:

WALKER, CALABRESI, and LOHIER, *Circuit Judges.*

We consider whether the United States District Court for the Southern District of New York (Karas, J.) abused its discretion in denying a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  That provision permits a district court to end its analysis if it determines that "extraordinary and compelling reasons" for granting the motion are absent, but our review on appeal is aided considerably when the district court, as here, also analyzes the sentencing factors set forth in 18 U.S.C. § 3553(a)—particularly in those cases where it is a close call whether extraordinary and compelling circumstances exist.  Because the District Court did not abuse its discretion, its order denying the motion for compassionate release is AFFIRMED.

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

Stewart L. Orden, Scarsdale, NY, *for Defendant-Appellant* Mark Jones.

Derek Wikstrom, Thomas McKay, Assistant United States Attorneys, *on the brief, for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY, *for Appellee* United States of America.

PER CURIAM:

In 2012 Mark Jones pleaded guilty to conspiring to sell more than 28 grams of crack cocaine and brandishing a firearm. He is serving a sentence of 154 months' imprisonment and is set to be released in October 2022. Last year, Jones, who has asthma, moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that his asthma put him at risk of serious health complications or even death if he contracted COVID-19. By order dated October 6, 2020, the United States District Court for the Southern District of New York (Karas, J.) denied the motion after finding that Jones had not established extraordinary and compelling reasons warranting his release and that the sentencing factors of § 3553(a) counseled against early release. Jones appeals from that order, and we now **AFFIRM**.

## BACKGROUND

Jones, now 30 years old, was a member of a violent drug trafficking gang in Yonkers, New York, known as the Elm Street Wolves, which distributed crack cocaine and committed multiple shootings, beatings, stabbings, and assaults. Jones was arrested in August 2011 and, in November 2012, pleaded guilty to conspiring to sell crack cocaine and brandishing a firearm.

At Jones's sentencing in 2013, Judge Karas considered the sentencing factors in 18 U.S.C. § 3553(a), explaining that "[p]eople saw their neighborhood ruined" as a result of the "wide scale narcotics trafficking and the turf battles and violence . . . attendant to" the activities of the Elm Street Wolves. Add. 5 to Gov't Br. Judge Karas found that Jones was directly responsible for distributing between 112 and 196 grams of crack cocaine and brandishing a firearm, and he described Jones's offense conduct as "very serious." Id. Assessing the need for both general and specific deterrence, the court emphasized that Jones had accrued a "number of convictions in a relatively short period of time" in "quick repetition." Id. at Add. 6. Judge Karas then imposed an 84-month term of imprisonment for the drug

3

distribution count, well above the mandatory minimum, as well as an 84-month consecutive term of imprisonment for the firearm count. In 2015, on his own motion, Judge Karas reduced Jones's sentence on the drug count by 14 months because of a reduction in the Sentencing Guidelines ranges applicable to offenses involving crack cocaine. As a result, Jones is now serving a total prison term of 154 months and is set to be released in October 2022.

There is no dispute that Jones has had some form of asthma since childhood. While in prison in July 2020, Jones requested and was prescribed an inhaler for a single 90-day period after several years of not using one. Jones then moved in September 2020 for compassionate release under 18 U.S.C. § 3582(c)(1)(A), claiming that his asthma put him at risk of serious health complications or even death if he contracted COVID-19.

The District Court denied Jones's motion for two reasons. First, it determined that Jones had failed to establish extraordinary and compelling reasons for his release. In reaching this conclusion, the District Court found that although Jones "suffers from asthma, the severity of which is open to question . . . , even serious cases of asthma do not present as great [a] risk as

4

originally feared." App'x 95. The District Court added that Jones's age (then 29) further reduced his risks from contracting COVID-19, and that the federal correctional facility at which he was then housed had reported "only 3 active cases" of COVID-19.[1] App'x 95. The District Court's second reason for rejecting the motion was that the § 3553(a) factors cut against granting Jones's request for compassionate release because he had been "convicted of serious narcotics and firearms charges and was part of a violent gang that inflicted widespread fear in the community." App'x 95. Releasing Jones early, Judge Karas determined, would "undermine respect for the law and dilute the deterrent purpose of the original sentence." App'x 95.

This appeal followed.

## DISCUSSION

18 U.S.C. § 3582(c)(1)(A), the compassionate release provision, permits a defendant to move for a reduction in sentence, up to and including release from prison, in federal district court after satisfying a statutory exhaustion

---

[1] When the District Court denied his motion, Jones was housed in FCI Gilmer. At the time the parties briefed this appeal, Jones had been moved from FCI Gilmer to the Metropolitan Detention Center in Brooklyn (the "MDC"). He has since been moved back to FCI Gilmer.

requirement not at issue here.[2]  Before it can reduce a term of imprisonment or release a defendant under § 3582(c)(1)(A), a district court must "find[] that . . . extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  Even if "extraordinary and compelling" circumstances exist, however, the court must also consider "the factors set forth in section 3553(a) to the extent that they are applicable" before it can reduce the defendant's sentence.  Id. § 3582(c)(1)(A).

Thus, extraordinary and compelling reasons are necessary—but not sufficient—for a defendant to obtain relief under § 3582(c)(1)(A).  As we have just noted, a district court must also consider "the factors set forth in section 3553(a)" before granting relief.  For this reason, panels of this Court have, in non-precedential summary orders, assumed the existence of extraordinary and compelling circumstances warranting release but held that a district court's "reasonable evaluation of the Section 3553(a) factors" is "an

---

[2] Jones requests that we waive the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).  But the Government has never disputed that Jones exhausted his remedies, so we need not address the issue.

alternative and independent basis for denial of compassionate release."[3]

United States v. Robinson, 848 F. App'x 477, 478 (2d Cir. 2021); see also

United States v. Butler, 845 F. App'x 74, 76–77 (2d Cir. 2021).

"We typically review the denial of a motion for a discretionary sentence reduction for abuse of discretion." United States v. Holloway, 956 F.3d 660, 664 (2d Cir. 2020). Even with that standard of review, however, uncertainty surrounding public health guidance and a defendant's individualized characteristics can complicate our assessment of whether extraordinary and compelling circumstances exist. Therefore, although § 3582(c)(1)(A) permits a district court to end its analysis if it determines that extraordinary and

---

[3] This issue arises with some frequency in compassionate release motions denied by district courts prior to this Court's opinion in United States v. Brooker, 976 F.3d 228 (2d Cir. 2020). In many of those cases, a district court found that a defendant failed to demonstrate an extraordinary and compelling reason for a sentence reduction based on determinations made by the Director of the Bureau of Prisons ("BOP") pursuant to U.S.S.G. § 1B1.13 cmt. n.1(D). In Brooker, we held that district courts are not confined to those reasons set forth by the BOP Director in evaluating compassionate release motions brought by defendants and instead are free "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them." 976 F.3d at 235–37. Nevertheless, we have affirmed orders issued prior to Brooker where the district court alternatively concluded that denial of compassionate release was warranted based on the § 3553(a) factors. See, e.g., United States v. Robinson, 848 F. App'x 477, 478 (2d Cir. 2021).

7

compelling reasons for granting the motion are absent,[4] our review on appeal is aided considerably when the district court, as here, also analyzes the § 3553(a) factors—particularly in those cases where it is a close call whether extraordinary and compelling circumstances exist.

With these principles in mind, we address Jones's three reasons to reverse the District Court's decision, none of which we find persuasive.

Jones's first argument has been overtaken by events since he submitted his brief on appeal. Jones's briefing focuses entirely on the conditions of his confinement at the MDC, where he was confined when the parties briefed this appeal, compared to the conditions at FCI Gilmer, where Jones had previously been confined when Judge Karas considered the motion and which then had "only 3 active cases." App'x 95. He contends that the MDC is "an optimal environment" for the transmission of COVID-19. Appellant's

---

[4] Several sister circuits have held that § 3582(c)(1)(A) does not require consideration of the § 3553(a) factors when a district court opts to deny a compassionate release motion on the ground that extraordinary and compelling reasons for release are absent. See United States v. Saccoccia, No. 20-2045, 2021 WL 3660814, at *8 (1st Cir. Aug. 18, 2021); United States v. Johnson, No. 20-20427, 2021 WL 4484953, at *1 (5th Cir. Sept. 30, 2021); United States v. Tomes, 990 F.3d 500, 502 (6th Cir. 2021); United States v. Ugbah, 4 F.4th 595, 598 (7th Cir. 2021); United States v. Keller, 2 F.4th 1278, 1284 (9th Cir. 2021); United States v. McGee, 992 F.3d 1035, 1042–43 (10th Cir. 2021); United States v. Giron, 15 F.4th 1343, 1350 (11th Cir. 2021).

Br. 8.  But Jones has since been transported back to FCI Gilmer, where case counts are currently low,[5] and he has failed on appeal to argue that there are extraordinary and compelling reasons to release him from there.

Second, Jones contends that the District Court abused its discretion when it found that Jones's asthma did not constitute an extraordinary and compelling reason to release him.  While current guidance from the Centers for Disease Control and Prevention ("CDC") lists "moderate-to-severe" asthma as a condition that "can make [it] more likely" that a COVID-19 infection will result in severe illness, People with Moderate to Severe Asthma, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html (updated Apr. 7, 2021), Jones does not claim that he suffers from moderate or severe asthma, rather than a mild form of asthma.  Moreover, the District Court fully considered Jones's asthma and risk of exposure to COVID-19, noting that the severity of Jones's asthma was "open to question" and that there were then few confirmed COVID-19 cases at the

[5] Cases at FCI Gilmer rose to more than one hundred by the month after Judge Karas denied Jones's motion, before declining once more.  See OIG-BOP COVID-19 Interactive Dashboard, Office of the Inspector General, https://experience.arcgis.com/experience/ab22fb4c564e4f4b986e257c685190e8/page/page_7/ (last updated Nov. 14, 2021).

facility where Jones was then held. App'x 95; see App'x 67. For these reasons, we reject Jones's view that the District Court abused its discretion by inadequately considering the severity of his condition. See United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."). That said, Jones may renew his application for compassionate release to present more information about his medical condition in light of the CDC's current guidance.[6]

Finally, Jones argues that the District Court—which previously balanced the § 3553(a) factors when it sentenced him—should have rebalanced those factors in light of the pandemic. We disagree. The District Court considered the § 3553(a) factors as of the time Jones filed the petition and reasonably concluded that Jones's early release would undermine respect for the law and undermine the deterrent purpose of the original sentence given his very serious offenses.

---

[6] In January 2021 Jones was allegedly offered, but refused, a vaccine against COVID-19. In a renewed application, he could explain why his release would be justified even if, as the government claims, he has been offered access to a vaccine.

# CONCLUSION

For the foregoing reasons, the order of the District Court is **AFFIRMED**.