20-3717-cr
United States v. Brunstorff

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand twenty-two.

PRESENT:  PIERRE N. LEVAL,
RAYMOND J. LOHIER, JR.,
EUNICE C. LEE,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                              No. 20-3717-cr

KOUWANII BRUNSTORFF, AKA LEGEND, AKA KOUWANNI BORNSTORFF, AKA KOUWANI BRUNSTORFF, AKA KAWWANI BRUNSTORFF,

                    *Defendant-Appellant*.*

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT:             JEFFREY C. KESTENBAND, The
                                     Kestenband Law Firm LLC,
                                     Glastonbury, CT

FOR APPELLEE:                        ANTHONY E. KAPLAN,
                                     Assistant United States
                                     Attorney (Marc H. Silverman,
                                     Assistant United States
                                     Attorney, *on the brief*), *for*
                                     Leonard C. Boyle, Acting
                                     United States Attorney for the
                                     District of Connecticut, New
                                     Haven, CT

Appeal from an order of the United States District Court for the District of Connecticut (Michael P. Shea, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Kouwanii Brunstorff appeals from an October 16, 2020 order of the District Court (Shea, J.) denying his motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). In 2012 the District Court sentenced Brunstorff to 180 months in prison for unlawfully possessing firearms as a convicted felon. On

---

* The Clerk of Court is directed to amend the caption as set forth above.

July 2, 2020, Brunstorff filed a pro se motion for compassionate release, arguing that his sentence should be reduced because his medical conditions put him at a higher risk of severe illness or death from COVID-19 and because he was needed at home to care for his nine-year-old daughter. He also noted that he was a non-violent offender and had served more than half of his sentence. The District Court denied the motion. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Under the relevant compassionate release provision, 18 U.S.C. § 3582(c)(1)(A), a district court may reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i). Even if "extraordinary and compelling" circumstances exist, however, a district court may not reduce a defendant's sentence before considering "the factors set forth in section 3553(a) to the extent that they are applicable." Id. § 3582(c)(1)(A); United States v. Jones, 17 F.4th 371, 374 (2d Cir. 2021). "We typically review the denial of a motion for a

3

discretionary sentence reduction for abuse of discretion." United States v. Holloway, 956 F.3d 660, 664 (2d Cir. 2020).

In evaluating Brunstorff's motion, the District Court acknowledged that his obesity and history of smoking cigarettes increased his risk of severe illness from COVID-19. Despite Brunstorff's heightened risk, however, the District Court declined to reduce his sentence after considering the Section 3553(a) factors. Acknowledging that Brunstorff had not been convicted of a violent crime since he was in his "teens and twenties," the District Court nevertheless held that the Section 3553(a) factors weighed against release, citing Brunstorff's substantial criminal history and the fact that "he made a shank out of plexiglass and hid it in his cell . . . while in his early 40s and while serving the term of imprisonment" he was asking the District Court to reduce. United States v. Brunstorff, No. 12-CR-00004, 2020 WL 6110961, at *3 (D. Conn. Oct. 16, 2020). The District Court's reasonable evaluation of the Section 3553(a) factors provided an adequate independent basis for its decision. See Jones, 17 F.4th at 374.

On appeal, Brunstorff contends that the District Court, in denying his motion, failed to account sufficiently for the substantial amount of time he had

4

already spent in prison. Although district courts have granted compassionate release in cases where defendants have completed smaller portions of their sentences than Brunstorff has here, see, e.g., United States v. Rivernider, No. 10-cr-222, 2020 WL 2393959, at *1 (D. Conn. May 12, 2020); United States v. Davies, 469 F. Supp. 3d 175, 179 (S.D.N.Y. 2020), the District Court here did not abuse its discretion when it evaluated the Section 3553(a) factors and concluded that, for Brunstorff, "further prison time [was] necessary to protect the public," Brunstorff, 2020 WL 6110961, at *3. Brunstorff also argues that the District Court should have accorded more weight to the "draconian effect" of his initial sentence, which was enhanced under the Armed Career Criminal Act. Def.'s Br. at 14. But the District Court was clearly aware of Brunstorff's 180-month sentence when it nevertheless concluded that the Section 3553(a) factors counseled against release.

Finally, Brunstorff maintains that the District Court should have given "greater consideration" to his efforts at self-improvement in prison, his commitment to caring for his daughter, and the fact that his violent offenses were committed in his early twenties. Id. at 20. We decline to second-guess the

5

District Court's weighing of the Section 3553(a) factors, which was firmly committed to its discretion.  See United States v. Capanelli, 479 F.3d 163, 165 (2d Cir. 2007).  While we commend Brunstorff for his efforts at self-improvement while incarcerated, we conclude that the District Court did not abuse its discretion when it determined that his recent disciplinary infraction, combined with his lengthy criminal history, weighed against release.

We have considered Brunstorff's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court