20-3186-cr
*United States v. Daniels*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of June, two thousand twenty-two.**

PRESENT:   JOSÉ A. CABRANES,
           MICHAEL H. PARK,
           MYRNA PÉREZ,
                   *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                   *Appellee,*                                    20-3186-cr

           v.

RASHEED DANIELS,

                   *Defendant-Appellant.*

---

FOR APPELLEE:                          Carina Schoenberger, Assistant United
                                       States Attorney, *for* Carla B. Freedman,
                                       United States Attorney, Northern District
                                       of New York, Syracuse, NY.

FOR DEFENDANT-APPELLANT:               Rasheed Daniels, *pro se*, Danbury, CT.

        Appeal from an order of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

On August 24, 2011, Rasheed Daniels pleaded guilty to one count of conspiracy to possess with intent to distribute more than 28 grams of cocaine base and more than 500 grams of cocaine, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii)–(iii), 846, and was subsequently sentenced principally to 262 months' incarceration. On August 12, 2020, Daniels filed a motion for compassionate release, *see* 18 U.S.C. § 3852(c)(1)(A)(i), arguing that he was at high risk from COVID-19 due to heart arrythmia and that the sentencing law had changed since his sentence. The District Court denied Daniels's motion, and he appeals.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The District Court found both that no "extraordinary and compelling reasons" justified release under 18 U.S.C. § 3852(c)(1)(A)(i), and that the factors listed in 18 U.S.C. § 3553(a) likewise did not counsel release. In such circumstances, we may affirm based only on the District Court's analysis of the § 3553(a) factors. *See United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (per curiam).

The District Court did not abuse its discretion in evaluating the § 3553(a) factors. *See United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (stating the standard of review). It reasonably pointed to "the nature and circumstances of the offense," which included a managing role "[c]onsistently passing . . . poison out to [Daniels's] community." Gov't App'x 5, 79; *see* 18 U.S.C. § 3553(a)(1) (requiring consideration of "the nature and circumstances of the offense"). It also reasonably identified Daniels's "prior criminal history," which made him "the poster boy" for "career offender status." Gov't App'x 5, 82; *see* 18 U.S.C. § 3553(a)(1) (requiring consideration of the "characteristics of the defendant"). In light of these findings, it was not error to conclude that "the percentage of his sentence served thus far"—roughly half—was insufficient to achieve the goals of sentencing. Gov't App'x 5; *see* 18 U.S.C. § 3553(a)(2) (listing the goals of sentencing); *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) ("[T]he weight to be afforded any § 3553(a) factor is a matter firmly committed to the discretion of the sentencing judge and is beyond our review . . . ." (internal quotation marks omitted)).

---

[1] We have received Daniels's letter, submitted pursuant to Fed. R. App. P. 28(j), requesting that we consider whether he is entitled to relief under *United States v. Townsend*, 897 F.3d 66 (2d Cir. 2018). We decline to consider this issue because "[i]t is a well-established general rule that a court of appeals will not consider an issue raised for the first time on appeal." *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 118 (2d Cir. 2021) (internal quotation marks omitted).

We have reviewed all of the arguments raised by Daniels on appeal and find them to be without merit.[2] For the foregoing reasons, we **AFFIRM** the August 25, 2020, order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] To the extent Daniels also challenges the District Court's May 18, 2021 order denying appointment of counsel, we lack jurisdiction to address that challenge in this appeal. *See* Fed. R. App. P. 3(c)(1)(B) (a notice of appeal must "designate the judgment—or the appealable order—from which the appeal is taken"); *Gonzalez v. Thaler*, 565 U.S. 134, 147 (2012) ("Rule 3's dictates are jurisdictional in nature." (citation omitted)); *cf. Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg L.P.*, 756 F.3d 73, 93 (2d Cir. 2014) (holding that a notice of appeal could not be "reasonably read . . . to contemplate review of an order that did not issue until nearly two months afterwards."). To the extent that Daniels renews his request for appointment of appellate counsel in this Court, that motion is denied because we have already considered and rejected that request, and Daniels has not identified any "cogent or compelling reasons" to depart from that ruling. *Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 149 (2d Cir. 1999) (internal quotation marks omitted) (under the law of the case doctrine, this Court will generally adhere to its prior rulings in the same case).