21-1087-cr
*United States v. Diaz*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of November two thousand twenty-two.

Present:

        JOHN M. WALKER, JR.,
        WILLIAM J. NARDINI,
        BETH ROBINSON,
           *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

        *Appellee*,

      v.                             21-1087-cr

EDWARD DIAZ,

        *Defendant-Appellant*.

_____

| | |
|---|---|
| For Appellee: | Christopher Clore, Karl Metzner, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY |
| For Defendant-Appellant: | Daniel Habib, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY |

Appeal from an order of the United States District Court for the Southern District of New York (Vincent L. Briccetti, *Judge*) entered on April 27, 2021.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-Appellant Edward Diaz appeals from an order entered on April 27, 2021, in the United States District Court for the Southern District of New York, denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). In 2017, Diaz pleaded guilty to one count of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B). The district court sentenced him to a 210-month term of imprisonment, followed by a lifetime term of supervised release. Diaz moved for compassionate release by letter dated March 1, 2021. He argued primarily that his numerous medical conditions placed him at increased risk of severe illness were he to contract COVID-19. We assume the parties' familiarity with the record.

This Court reviews the denial of a motion for compassionate release for abuse of discretion. *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022). "[A] district court's discretion in this area . . . is broad," *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020), such that a district court abuses its discretion only if it "bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions," *Halvon*, 26 F.4th at 569 (internal quotation marks omitted) (alteration in original). In the context of a § 3582(c)(1)(A) motion, a court may reduce a sentence only if three conditions are met: "administrative exhaustion (absent waiver or forfeiture by the government); satisfaction of the [18 U.S.C.] § 3553(a) factors; and extraordinary and compelling reasons." *United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021).

Diaz argues that the district court clearly erred by finding that Diaz's vaccination status

protected him against COVID-19 and thus that Diaz failed to show extraordinary and compelling reasons warranting release. District courts are free to consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them." *Brooker*, 976 F.3d at 237. Here, the district court acknowledged that "Diaz certainly suffers from a number of serious health conditions," but it then reasoned that those conditions are "treatable" and that Federal Medical Center Devens, where Diaz was incarcerated, "is able to manage and has effectively managed" Diaz's conditions. App'x 159. The district court also concluded that, having received two doses of the COVID-19 vaccine, Diaz had been "fully vaccinated" against the disease and was protected against contracting it and against any severe complications were he to contract it. App'x 158–59.

The district court did not abuse its discretion when it relied on Diaz's vaccination status and his incarceration in a medical facility capable of, and thus far successful in, treating his health conditions to determine that Diaz failed to show extraordinary and compelling reasons warranting release. Although Diaz argues that it was error for the district court to deem Diaz "fully vaccinated" in light of the Centers for Disease Control and Prevention's ("CDC") later recommendations that immunocompromised people receive a third dose of the vaccine, we review a district court's decision in light of the record that was then before the court. Here, the district court did not engage in a "clearly erroneous assessment of the evidence," *Halvon*, 26 F.4th at 569 (internal quotation marks omitted), in light of that record.[1]

Moreover, the district court's evaluation of the relevant § 3553(a) factors provides an independent basis upon which we may affirm. *See United States v. Jones*, 17 F.4th 371, 374 (2d

---

[1] In his brief, Diaz cites various CDC recommendations, all of which post-date the district court's April 2021 order denying his compassionate release motion. *See, e.g.*, Appellant's Br. 11 (citing CDC, COVID-19 Vaccines for Moderately to Severely Immunocompromised People (Aug. 16, 2021)). The district court, of course, did not err by failing to consider then-unpublished guidance. *See Jones*, 17 F.4th at 375 & n.6 (observing that a renewed compassionate release motion may "present more information about . . . medical condition[s] in light of the CDC's current guidance").

Cir. 2021).  Diaz argues that we cannot affirm on § 3553(a) grounds for two reasons: first, because the district court did not expressly state that "the § 3553(a) factors, standing alone, required him to reject Diaz's claim" and, second, because the district court's "erroneous assessment of Diaz's COVID-19 risk necessarily affected its weighing" of various § 3553(a) factors.  Appellant's Br. 25.  We reject both arguments.

First, a district court need not make an express statement that the § 3553(a) factors "standing alone" require denial of a compassionate release motion for this Court to affirm on § 3553(a) grounds; rather, the district court must only "*consider*[ ] the factors set forth in § 3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A) (emphasis added).  Here, the district court considered the applicable § 3553(a) factors and concluded that they weighed strongly against Diaz's early release.  In particular, the district court noted the "exceptionally serious nature of Diaz's offense conduct" and reasoned that the sentence had been designed to: "promote respect for the law"; "provide just punishment for the offense"; "afford adequate deterrence to criminal conduct"; and "protect the public from further crimes of the defendant."  App'x 159.  The district court further observed that Diaz had not only possessed and distributed child pornography but also "engaged in actual sexual conduct with a little girl and [taken] the time to photograph that conduct for his own sexual gratification"—conduct the district court characterized as "reprehensible, even despicable."  *Id.*

Second, even assuming that the district court's weighing of certain § 3553(a) factors was "necessarily affected" by its characterization of Diaz's vaccination status at the time, we have already concluded that the court did not err in its factual assessment, based on the facts then before it.

*        *        *

4

For the reasons stated above, the order of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk