21-1910-cr
United States v. Caraballo

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of December, two thousand twenty-two.

PRESENT:   DENNIS JACOBS,
                        RAYMOND J. LOHIER, JR.,
                        ALISON J. NATHAN,
                                    *Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

       *Appellee,*

    v.                                                                         No. 21-1910-cr

FRANK CARABALLO,

       *Defendant-Appellant.*

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT:      Frank Caraballo, *pro se*,
                              Tuscon, AZ

FOR APPELLEE:                 Joseph R. Perella, Assistant
                              United States Attorney
                              (Gregory L. Waples, Assistant
                              United States Attorney, *on the
                              brief*), *for* Nikolas P. Kerest,
                              United States Attorney for the
                              District of Vermont,
                              Burlington, VT

Appeal from order of the United States District Court for the District of

Vermont (Christina Reiss, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the order of the District Court is AFFIRMED.

Frank Caraballo, proceeding pro se, appeals from a July 23, 2021 order of

the United States District Court for the District of Vermont (Reiss, J.) denying his

motion for reconsideration and his supplemental motion for a reduction in

sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).  In 2014 the District Court

sentenced Caraballo principally to 480 months' imprisonment for drug- and

firearms-related offenses, including possessing a firearm in furtherance of a

drug-trafficking crime with death by murder resulting.  In 2020 Caraballo moved

for a reduction in sentence, which the District Court denied.  Caraballo then filed

a motion for reconsideration and a supplemental motion for a reduction in

2

sentence, both of which the District Court denied. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review for abuse of discretion both the denial of a motion for a reduction in sentence and the denial of a motion for reconsideration. See United States v. Holloway, 956 F.3d 660, 664 (2d Cir. 2020); United States v. Moreno, 789 F.3d 72, 78 n.4 (2d Cir. 2015). To reduce a defendant's term of imprisonment under § 3582(c)(1)(A)(i), a district court must find that "extraordinary and compelling reasons warrant such a reduction." United States v. Halvon, 26 F.4th 566, 568 (2d Cir. 2022) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). Even if such reasons exist, a district court "must also consider 'the factors set forth in section 3553(a) to the extent that they are applicable' before it can reduce the defendant's sentence." United States v. Jones, 17 F.4th 371, 374 (2d Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). A district court's "reasonable evaluation" of the section 3553(a) factors thus serves as an "alternative and independent basis for denial of compassionate release." Id. (quotation marks omitted).

Caraballo identifies several factors that he contends warrant a reduction in his sentence. He primarily attacks his original sentence and also argues that, in

denying his initial and supplemental motions for a reduction in sentence, the District Court erred by considering what he describes as "circumstantial evidence" — including a recorded telephone call in which, according to the District Court, Caraballo said that "if he got what he deserved in this case, it would be the death penalty." Gov't App'x 226. Caraballo also argues that his various health issues and the potential for an infectious outbreak at his prison facility put him at risk of suffering serious complications from COVID-19.[1]

Even assuming that, as the government conceded at the hearing on Caraballo's initial motion, Caraballo's health issues qualified as an extraordinary and compelling reason for reducing his sentence, the District Court's reasonable evaluation of the section 3553(a) factors provided an alternative and independent basis in support of its decision to deny his motions. Caraballo was convicted of possessing a firearm in furtherance of a drug-trafficking scheme with death by murder resulting. As the District Court explained during Caraballo's initial compassionate release hearing, "[a] young woman was murdered . . . execution style and left in the woods." Gov't App'x 190. In denying Caraballo's motion for

---

[1] Caraballo also argues that the District Court erred by concluding that it could not reduce his sentence because he refused to receive his COVID-19 vaccine. Because he was vaccinated while his appeal was pending, we need not consider this issue.

4

reconsideration and his supplemental motion for a reduction in sentence, the District Court discussed the seriousness of Caraballo's involvement in an "execution-style killing," the fact that he "was in our highest criminal history category," the risk that he posed to the public, and the "leniency built into" his original sentence. Gov't App'x 225-27. It also considered the extent of Caraballo's rehabilitation and his ability to participate in prison programs. Upon review of the record, we conclude that the District Court adequately considered the section 3553(a) factors and did not abuse its discretion in denying his motions.

We have considered Caraballo's remaining arguments and conclude that they are without merit. For the foregoing reasons, the challenged order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court