21-2548-cr
United States v. Williams

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand twenty-two.**

PRESENT:

> **ROBERT D. SACK,**
> **BARRINGTON D. PARKER,**
> **MICHAEL H. PARK,**
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee,*

v.

HENRY JOSEPH WILLIAMS,                    21-2548

*Defendant-Appellant.*

_____

FOR DEFENDANT-APPELLANT:          Jason E. Abbott, Fitzsimmons, Nunn & Plukas, LLP, Rochester, N.Y.

FOR APPELLEE:          Katherine A. Gregory, Tiffany H. Lee, and Monica J. Richards, Assistant United States Attorneys, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, N.Y.

Appeal from a judgment of the United States District Court for the Western District of New York (Geraci, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Henry Joseph Williams pled guilty in 2020 to one count of wire fraud in violation of 18 U.S.C. § 1343. Williams was sentenced to 55 months in prison, followed by three years of supervised release. In July 2021, Williams filed a *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Williams appeals from the district court's September 3, 2021 decision denying his motion. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022) (per curiam). "[A] district court abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or renders a decision that cannot be located within the range of permissible decisions." *Id.* (cleaned up).

Before a district court can reduce a term of imprisonment or release a defendant under 18 U.S.C. § 3582(c)(1)(A), it must (1) find that "extraordinary and compelling reasons warrant such a reduction" and (2) consider "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). The district court found that neither requirement was met here. First, the court found that Williams's justifications for relief—his underlying health conditions and the inadequate COVID-19 regulations at his prison facility—were not "extraordinary and compelling" circumstances that warranted a sentencing reduction. Second, the

court found that, even if Williams had established extraordinary and compelling circumstances, the original sentence remained appropriate in light of Williams's "long history of criminal conduct, non-compliance with supervised release, and recidivism."

The district court did not abuse its discretion in denying Williams's motion for compassionate release. First, the district court did not err in finding that Williams had failed to demonstrate extraordinary and compelling circumstances. The court "fully considered [Williams's preexisting conditions] and risk of exposure to COVID-19"—finding that Williams was in stable health, he had received two doses of the COVID-19 vaccine, and infection rates remained low at his facility. *See United States v. Jones*, 17 F.4th 371, 375 (2d Cir. 2021) (per curiam). While Williams is correct that preexisting health conditions can constitute extraordinary and compelling circumstances in some cases, Williams does not explain how the district court made any erroneous legal or factual determinations in its assessment of his specific health conditions or exposure risk.

The district court also properly analyzed the § 3553(a) factors. "[A]lthough § 3582(c)(1)(A) permits a district court to end its analysis if it determines that extraordinary and compelling reasons for granting the motion are absent, our review on appeal is aided considerably when the district court, as here, also analyzes the § 3553(a) factors . . . ." *Id*. at 374 (footnote omitted). The court adequately explained that the guideline factors counseled against any sentencing reduction given Williams's criminal history, recidivism, and failure to comply with previous periods of supervised release. The court also properly considered the time remaining on Williams's sentence and determined that a significantly shorter sentence would undermine a number of guideline factors, such as the need to "reflect the seriousness of the offense, promote respect for the law, [and] provide just punishment for the offense." Joint App'x 174 (quoting 18

3

U.S.C. § 3553(a)(2)(A)) (cleaned up); *see also United States v. Kantor*, 853 F. App'x 723, 726 (2d Cir. 2021) (summary order) ("Because the original sentence reflects the sentencing judge's view of the § 3553(a) factors at the time of sentencing, the time remaining in that sentence may—along with [other factors]—inform whether immediate release would be consistent with those factors." (cleaned up)). Williams's argument that the district court failed to consider the changed circumstance of the COVID-19 pandemic is unavailing. "That the district court gave greater weight to those unchanged factors than to the changed circumstances on which [Williams] relies does not mean that the court failed to consider the latter." *Halvon*, 26 F.4th at 571.

The district court thus did not abuse its discretion in denying Williams's motion for compassionate release under § 3582(c)(1)(A). We have considered all of Williams's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4