*United States v. Mallay*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of January, two thousand twenty-three.

PRESENT:
> JOHN M. WALKER, JR.
> REENA RAGGI,
> MICHAEL H. PARK,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                      21-2999

RONALD MALLAY,

*Defendant-Appellant.**

---

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | Colleen P. Cassidy, Federal Defenders of New York, Inc., New York, NY. |
| **FOR APPELLEE:** | David C. James, Marietou E. Diouf, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY. |

---

\* The Clerk is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Johnson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 1, 2021 judgment of the district court is **AFFIRMED**.

Defendant-Appellant Ronald Mallay was convicted in 2007 after a jury trial on fourteen counts of racketeering, racketeering conspiracy, conspiracy to commit murder for hire, murder for hire, conspiracy to commit murder in aid of racketeering, murder in aid of racketeering, conspiracy to commit money laundering, conspiracy to commit mail fraud, and mail fraud. These crimes were committed as part of a scheme to insure the lives of relatives and indigent members of the Guyanese community in the New York City metropolitan area, and then to murder these persons to collect on their life-insurance policies. Mallay received nine concurrent life sentences without the possibility of parole. On August 26, 2020, Mallay filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Mallay appeals from the district court's November 23, 2021 decision (docketed December 1, 2021) denying his motion. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022). "[A] district court abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions." *Id.* (cleaned up).

Before a district court can reduce a term of imprisonment or release a defendant under 18 U.S.C. § 3582(c)(1)(A), it must (1) find that "extraordinary and compelling reasons warrant

2

such a reduction" and (2) consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." The district court found that neither requirement was met here. First, the district court found that Mallay's justifications for relief—his underlying health conditions and age—were not "extraordinary and compelling" circumstances that warranted a sentencing reduction given the low rate of infection at the facility where Mallay is imprisoned. Second, the district court found that even if Mallay had established "extraordinary and compelling" circumstances, the application of the § 3553(a) factors—including "the seriousness of Mallay's many crimes," "respect for the law," "the deterrent effect of the sentence," and the jury's unanimous finding that Mallay posed "a continuing and serious threat to the lives and safety of others"—"overwhelmingly militate against any reduction in Mallay's sentence." Appendix at A155-57.

The district court did not abuse its discretion in denying Mallay's motion for compassionate release. First, the district court did not err in finding that Mallay had failed to demonstrate "extraordinary and compelling" circumstances. The district court considered and rejected Mallay's arguments that he satisfied three of the four categories of criteria for compassionate release under the Commentary to Guideline § 1B1.13 based on evidence proffered by Mallay and the government. Following *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), the district court conducted a fact-intensive inquiry, weighing Mallay's "increased risk of becoming severely ill if he contracts COVID-19" given his "advanced age and medical conditions" against the statistically low probability that Mallay would contract COVID-19 at FCI Loretto. Appendix at A150, A152-54; *see United States v. Jones*, 17 F.4th 371, 375 (2d Cir. 2021). Although Mallay is correct that preexisting health conditions can constitute "extraordinary and compelling"

3

circumstances in some cases, Mallay does not explain how the district court made any erroneous legal or factual determinations, much less abused its discretion, in its assessment that "he is currently unlikely to contract the disease at FCI Loretto" and "no extraordinary or compelling reasons" warrant a reduction of his sentence. Appendix at A154.

Second, and in any event, the district court properly analyzed the § 3553(a) factors. *See Jones*, 17 F.4th at 374 ("[E]xtraordinary and compelling reasons are necessary—but not sufficient—for a defendant to obtain relief under § 3582(c)(1)(A)."). "[A]lthough § 3582(c)(1)(A) permits a district court to end its analysis if it determines that extraordinary and compelling reasons for granting the motion are absent, our review on appeal is aided considerably when the district court, as here, also analyzes the § 3553(a) factors." *Id.* (footnote omitted). The district court explained that the § 3553(a) factors "overwhelmingly militate against any reduction" given Mallay's "continuing danger to the life and safety of others," the "seriousness of Mallay's many crimes," "respect for the law," and "the deterrent effect of the sentence." Appendix at A155-56. Mallay argues that the district court erred by not considering his "near-perfect prison record during his 17 years in prison" as evidence of his rehabilitation. Appellant's Br. at 17-18. But the district court implicitly rejected this argument in stating that it "is not convinced" that "Mallay is no longer a threat" given Mallay did not abandon his scheme "of his own volition," "was already middle-aged when he first embarked on his criminal scheme," and provided "no reason to believe that his advanced age and poor medical condition would prevent him from continuing his criminal scheme." Appendix at A157. So even if Mallay were correct in his allegation that the district "court did not mention his excellent prison record" and "post-sentencing rehabilitation," Appellant's Br. at 15, we identify no error here because "we do not require 'robotic incantations'

4

by the sentencing judge," and the record here supports the general presumption that "the district court has faithfully discharged its duty to consider the § 3553(a) factors." *United States v. Carr*, 557 F.3d 93, 107 (2d Cir. 2009); *see also Halvon*, 26 F.4th at 571 ("That the district court gave greater weight to those unchanged factors than to the changed circumstances . . . does not mean that the court failed to consider the latter. We cannot assume a failure of consideration simply because a district court failed to discuss a given factor." (cleaned up)). We thus conclude that the district court did not err in its § 3553(a) analysis.

The district court did not abuse its discretion in denying Mallay's motion for compassionate release under § 3582(c)(1)(A). We have considered all of Mallay's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5