22-132-cr
United States v. Hicks

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand twenty-three.

PRESENT:  JOSÉ A. CABRANES,
    GERARD E. LYNCH
    RAYMOND J. LOHIER, JR.,
        *Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

    *Appellee*,

    v.     No. 22-132-cr

AARON HICKS,

    *Defendant-Appellant*.*

------------------------------------------------------------------

---

* The Clerk of Court is directed to amend the caption as set forth above.

FOR DEFENDANT-APPELLANT:      Jamesa J. Drake, Drake Law
LLC, Auburn, ME

FOR APPELLEE:      Katherine A. Gregory,
Assistant United States
Attorney, *for* Trini E. Ross,
United States Attorney for the
Western District of New York,
Buffalo, NY

Appeal from an order of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Defendant Aaron Hicks appeals from an order of the United States District Court for the Western District of New York (Arcara, J.) denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).   Hicks argues that the District Court erred in its consideration of whether extraordinary and compelling circumstances warranted a reduction in his sentence and in its weighing of the sentencing factors listed in 18 U.S.C. § 3553(a).   We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Upon motion by a defendant who has satisfied a statutory exhaustion requirement, a district court may "reduce a term of imprisonment or release a defendant" if it determines that "'extraordinary and compelling reasons warrant such a reduction.'" United States v. Jones, 17 F.4th 371, 373-74 (2d Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "[E]xtraordinary and compelling reasons are necessary—but not sufficient—for a defendant to obtain relief under § 3582(c)(1)(A)"; if it finds that such reasons exist, "the court must also consider 'the factors set forth in section 3553(a) to the extent they are applicable' before it can reduce the defendant's sentence." Id. (quoting 18 U.S.C. § 3582(c)(1)(A)). We review a district court's denial of a motion for compassionate release for abuse of discretion. United States v. Keitt, 21 F.4th 67, 71 (2d Cir. 2021).

Hicks argues that the District Court assigned "undue weight" to Hicks's decision to decline a COVID-19 vaccine in determining that no "extraordinary and compelling reasons" warranted his release. Appellant's Br. 18. In support of that argument, Hicks proposes a rule barring district courts from considering a defendant's COVID-19 vaccination status to resolve a compassionate release

3

motion, or, in the alternative, permitting courts to do so only if they also consider "whether [a] defendant's vaccine refusal is 'justified.'" Appellant's Br. 19.

We decline the invitation to so constrain district courts' discretion under § 3582(c)(1)(A). Contrary to Hicks's contention, the District Court did not "sole[ly]" rely on Hicks's vaccination status to determine that he failed to provide extraordinary and compelling reasons for compassionate release. Appellant's Br. 6. Rather, the District Court "carefully reviewed [Hicks's] medical records" and determined that they "demonstrate[d] that he does not have any significant health issues that would place him at high-risk of serious illness or death were he to contract COVID-19 again." App'x 50. Moreover, it found that the Bureau of Prisons had "respond[ed] to [Hicks's] complaints with medical visits, vital signs monitoring, physical examinations, prescribed medication, . . . diagnostic testing," and "an appointment with a specialist outside the BOP for consultation regarding his symptoms." Id. The District Court's determination that no extraordinary and compelling reasons warranted a reduction in Hicks's sentence was based primarily on Hicks's medical condition. His decision to decline a COVID-19 vaccine factored into the District Court's

4

decision only insofar as it undercut Hicks's credibility.    Hicks cites no authority, nor are we aware of any authority, to support his contention that it was an abuse of discretion for the District Court to determine that this mix of facts fell short of extraordinary and compelling circumstances warranting a reduction in sentence.

We have considered Hicks's remaining arguments and conclude that they are without merit.    For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court