23-6077-cr
United States v. Mayes

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of June, two thousand twenty-four.

PRESENT: PIERRE N. LEVAL,
 RAYMOND J. LOHIER, JR.,
 EUNICE C. LEE,
  *Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

  *Appellee*,

 v.  No. 23-6077-cr

ANTHONY MAYES, JR., AKA BIG BO, DANIEL MYRICK, AKA CURNULL,

  *Defendants*,

ANTOINE MAYES,

  *Defendant-Appellant*.

------------------------------------------------------------------

FOR APPELLEE:                    Jo Ann M. Navickas, Andrew
                                 M. Roddin, Assistant United
                                 States Attorneys, *for* Breon
                                 Peace, United States Attorney
                                 for the Eastern District of New
                                 York, Brooklyn, NY

FOR DEFENDANT-APPELLANT:          Antoine Mayes, *pro se*, Pine
                                 Knot, KY

Appeal from an order of the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Defendant-Appellant Antoine Mayes, proceeding *pro se*, appeals from a January 3, 2023 order of the United States District Court for the Eastern District of New York (Ross, *J.*) denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

To reduce a defendant's term of imprisonment under § 3582(c)(1)(A)(i), a district court must find that "extraordinary and compelling reasons warrant such a reduction."  *Id.*  Even when such reasons exist, a district court "must also

2

consider the factors set forth in section 3553(a) to the extent that they are applicable before it can reduce the defendant's sentence." *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (quotation marks omitted).  A district court's reasonable evaluation of the § 3553(a) factors is thus an "alternative and independent basis for denial of compassionate release." *Id.* (quotation marks omitted).  We review a district court's denial of a motion for compassionate release for abuse of discretion. *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022).

Here, the District Court did not abuse its discretion in determining that certain § 3553(a) factors — the nature and severity of Mayes's offense, the need for adequate deterrence, and the need to protect the public — weighed against granting Mayes's motion for a sentence reduction.  On appeal, Mayes argues that his case is "identical" to the defendant's case in *United States v. Reid*, No. 05-CR-596(1), 2021 WL 837321 (E.D.N.Y. Mar. 5, 2021), in which District Judge Ross granted a sentencing reduction.  Appellant's Br. 3.  But the two cases are distinguishable.  In *Reid*, Judge Ross had previously expressed her "discomfort" with the mandatory sentence she imposed, describing it as "unconscionably long." *Reid*, 2021 WL 837321, at *2, *6.  At Mayes's sentencing, by contrast, the

District Court fully agreed with the Government's characterization of Mayes's conduct as "extremely violent" and of Mayes as a "ruthlessly violent drug dealer." GA at 98–100. The defendant in *Reid* "spearheaded a series of robberies," *Reid*, 2021 WL 837321, at *1, while Mayes led a sophisticated racketeering enterprise. The defendant in *Reid* was convicted of multiple counts of Hobbs Act robbery and firearm offenses, 2021 WL 837321, at *2, serious crimes to be sure, but Mayes was convicted of the more serious crimes of attempting and conspiring to commit murder in aid of racketeering. The District Court was entitled to decide that these differences warranted a different outcome even if the defendants were otherwise similarly situated. *See also Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (noting that a district court decision is not binding precedent, even on the same judge in a different case).

Accordingly, the District Court did not abuse its discretion in denying Mayes's compassionate release motion. *See United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021) (noting that when a district court denies a motion for compassionate release "in sole reliance on the applicable § 3553(a) sentencing factors, it need not determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence

4

reduction"). Because the District Court's evaluation of the § 3553(a) factors provided an "alternative and independent basis" for denying Mayes's compassionate release motion, we affirm on that basis alone. *Jones*, 17 F.4th at 374.

We have considered Mayes's remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court