21-1728-cr
*United States v. Hoey*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of December, two thousand twenty-two.

PRESENT:
> GUIDO CALABRESI,
> GERARD E. LYNCH,
> JOSEPH F. BIANCO,
> *Circuit Judges*.

_____

United States of America,

       *Appellee*,

    v.                                                          21-1728-cr

Thomas Hoey, Jr.,

       *Defendant-Appellant*.

_____

FOR DEFENDANT-APPELLANT:     Thomas Hoey, Jr., *pro se*, Lewisburg, PA.

FOR APPELLEE:     Michael D. Maimin, Hagan Scotten, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Engelmayer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-appellant Thomas Hoey, Jr., proceeding *pro se*, appeals from the district court's denial of his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The district court concluded that Hoey failed to demonstrate extraordinary and compelling reasons for his release and, in any event, the sentencing factors in 18 U.S.C. § 3553(a) weighed against reducing his sentence. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

Hoey, who was the owner and president of a produce wholesaler, was convicted by a jury on four counts related to his embezzlement of approximately $750,000 from employee benefit plans at his company. On July 25, 2016, the district court sentenced Hoey principally to 84 months' imprisonment, with 18 months to be served concurrently to a narcotics-related sentence imposed in a separate case in the district before the Honorable P. Kevin Castel, and the remaining 66 months to run consecutively to that sentence. This Court affirmed the conviction and restitution order. *See United States v. Hoey*, 725 F. App'x 58, 62–63 (2d Cir. 2018) (summary order). However, because a prior state-court conviction that had factored into his criminal history had since been vacated on appeal, we remanded for resentencing in light of the changed circumstances. *Id.* On July 17, 2019, the district court sentenced Hoey principally to 78 months'

2

imprisonment, 66 months of which would run consecutively to the unrelated sentence imposed by Judge Castel.

On February 8, 2021, Hoey filed a *pro se* motion under Section 3582(c)(1)(A)(i) seeking early release from prison based on his health and the COVID-19 pandemic. On June 14, 2021, Hoey's counsel supplemented that motion. On June 30, 2021, the district court denied the motion. *See United States v. Hoey*, No. 15-cr-229 (PAE), 2021 WL 2689215, at *6 (S.D.N.Y. June 30, 2021). On appeal, Hoey argues that the district court erred by: (1) relying on his vacated state conviction related to domestic abuse charges; (2) ignoring his post-sentencing rehabilitation; and (3) failing to consider the unjust disparity caused by the district court's granting of a compassionate release motion in another case where the defendant was convicted of murder.

We review the denial of a discretionary sentence reduction for abuse of discretion. *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (per curiam). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (per curiam) (quoting *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021) (per curiam)).

Section 3582(c)(1)(A)(i), as amended by the First Step Act, provides that a court "may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). We have emphasized that district courts have broad discretion in evaluating whether an inmate has presented extraordinary and compelling circumstances for release. *See United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). However, even if an inmate demonstrates extraordinary and compelling circumstances, the district

3

court must consider whether release is consistent with the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A).

Because a district court's "reasonable evaluation of the Section 3553(a) factors is an alternative and independent basis for denial of compassionate release," *Jones*, 17 F.4th at 374 (internal quotation marks omitted), we need not address the district court's determination that Hoey failed to demonstrate extraordinary and compelling reasons for his early release. Instead, we conclude that the district court was well within its discretion to conclude that, even assuming *arguendo* that Hoey had demonstrated extraordinary and compelling circumstances, the applicable Section 3553(a) factors strongly weighed against a sentence reduction.

The district court reasonably evaluated the Section 3553(a) factors in exercising its discretion to deny Hoey's motion. In particular, the district court considered the serious nature of his offense conduct, which involved violating his employees' trust by embezzling approximately $750,000 from their employee benefit plan to fund his lavish lifestyle, and the impact of his criminal activity on the victims. The district court also relied upon Hoey's significant criminal history, including the federal conviction before Judge Castel for narcotics distribution, suborning perjury, and obstruction of justice. In doing so, the district court incorporated by reference its lengthy assessments of the Section 3553(a) factors at both of Hoey's sentencing proceedings, which "made pellucid that a substantial sentence is necessary here given the severity of Hoey's misconduct, the effect it had on his victims' lives, and the profligate, unrepentant criminality that had defined Hoey's life to that point." *Hoey*, 2021 WL 2689215, at *5. Thus, in denying the compassionate release motion, the district court determined that the Section 3553(a) factors, "especially the need to 'reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense[,] . . . [and] to afford adequate deterrence to criminal

4

conduct'—forcefully require that the sentence imposed be served in full." *Id.* at *5 (quoting 18 U.S.C. § 3553(a)(2)) (alterations in original).

We find Hoey's challenges to the district court's discretionary determination unpersuasive. First, to the extent Hoey contends that the district court relied upon his vacated state conviction in denying his motion, we disagree. The district court explicitly took into consideration during Hoey's resentencing that the state conviction for domestic abuse was vacated, noting "[t]hat fact, absolutely, does matter to [its] assessment at the resentencing," and warranted "a six-month reduction in the overall sentence." Transcript of Sentencing at 74–75, ECF No. 134; United States v. Hoey, No. 15-cr-229 (PAE), (S.D.N.Y. July 17, 2019). With respect to the denial of the compassionate release motion, the district court did not mention that conviction in its decision other than to note, in describing the procedural history of the case, that it had resentenced Hoey because of that changed circumstance and had lowered his sentence by six months because "it did find that the vacatur of Hoey's state-court conviction changed the calculus." *Hoey*, 2021 WL 2689215, at *2. Moreover, although the district court referenced Hoey's significant criminal history in its reasoning and incorporated its assessment of that history from the prior sentencing proceedings, the quoted portions from the prior proceedings did not reference the vacated conviction related to domestic abuse, but rather described his narcotics and white-collar crimes including the conviction before Judge Castel, which involved his distribution of cocaine to a woman in a hotel and his refusal to call for assistance when she was unconscious and dying after using the cocaine. In short, there is no suggestion in the denial of Hoey's motion that the district court considered the vacated state court conviction.

Second, we find no merit to Hoey's assertion that the district court ignored his post-sentencing rehabilitation. To the contrary, a review of the record makes clear that the district

court considered Hoey's rehabilitation not only at the resentencing but also in its order denying Hoey's motion for compassionate release. After specifically considering Hoey's rehabilitation in connection with his compassionate release motion, the district court determined that neither his "claimed rehabilitation" nor his other arguments for a reduced sentence "come close to overriding the § 3553(a) factors" that warranted a denial of that motion. *Id.* at *6. Although Hoey disagrees with the district court's balancing of the Section 3553(a) factors, including its assessment of his rehabilitation efforts, we have emphasized that we do not require "that a particular factor be given determinative or dispositive weight" because "the weight to be afforded any § 3553(a) factor is a matter firmly committed to the discretion of the sentencing judge." *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) (internal quotation marks omitted).

Finally, we reject Hoey's contention that the district court's decision to reduce the sentence of another defendant incarcerated in the same facility in an unrelated case "violates the spirit of fairness" and requires reversal. Appellant's Br. at 8. As an initial matter, we need not consider this argument because Hoey raises it for the first time on appeal. *See Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal."). In any event, to the extent Hoey's argument suggests that the district court failed to consider the need to avoid unwarranted sentencing disparities among similarly situated defendants under Section 3553(a)(6), "we will not assume a failure of consideration simply because a district court fails to enumerate or discuss each § 3553(a) factor individually." *Verkhoglyad*, 516 F.3d at 131. Moreover, Hoey has failed to demonstrate that his situation was similar to the inmate who was granted a compassionate release.[1]

---

[1]   We note that, in granting the compassionate release motion in the unrelated case, the district court had emphasized the "rare" and "unusual" circumstances presented by that individual, who had "turned away from crime[,] . . . gained maturity[,] and turned over a new leaf" five years before he was prosecuted.

In addition, although the district court did not make explicit reference to that sentencing factor or compare Hoey's situation to any other individual case, it did emphasize that "[i]n almost all respects, Hoey's case is unusually ill-suited to compassionate release," *Hoey*, 2021 WL 2689215, at *4, and further observed that "[a]s much as almost any other case the Court has considered under [the compassionate release] provision, here [the Section 3553(a)] factors decisively disfavor Hoey's early release from prison." *Id.* at *5.

In sum, we conclude that the district court acted well within its discretion in denying Hoey's compassionate release motion.[2]

\* \* \*

We have considered all of Hoey's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

App'x at 213 (internal quotation marks omitted). Furthermore, that individual had served most of his 121-month sentence and was "on track to be release from prison in a little over five months." App'x at 212. Such circumstances were not present here.

[2] Because we have rejected Hoey's various challenges on appeal and affirm the district court's order, we need not address his argument that the case should be reassigned to a different judge on remand.