21-2686-cr
*United States v. Rounds*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand twenty-two.

PRESENT:     JOSÉ A. CABRANES,
             RICHARD J. SULLIVAN,
             WILLIAM J. NARDINI,
                          *Circuit Judges.*

---

UNITED STATES OF AMERICA,

        *Appellee,*                                                    21-2686-cr

        v.

JOHNNY ROUNDS, AKA JJ, RICKY PROCTOR,
LORENZO HUNT, AKA ZOE, DEMARIO STEWART, AKA
TANK, ADRIAN TRAYNOR, AKA PEANUT, MARIO
WATSON, BRODERICK ROBINSON, AKA BRODY,

        *Defendants,*

DONALD ROUNDS, AKA DOLLAR,

        *Defendant-Appellant.*

---

**FOR APPELLEE:**                              Tiffany H. Lee, Assistant United States
                                              Attorney, *for* Trini E. Ross, United States

Attorney, Western District of New York, Buffalo, NY.

**FOR DEFENDANT-APPELLANT:**                    James W. Grable, Jr., Connors LLP, Buffalo, NY.

Appeal from an order of the United States District Court for the Western District of New York (William M. Skretny, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Defendant Donald Rounds filed a motion under 18 U.S.C. § 3582(c)(1)(A) to reduce his 18-year sentence for participating in a racketeering conspiracy that involved murder. The District Court denied his motion, commonly referred to as a "motion for compassionate release." Rounds appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the denial of a motion for a discretionary sentence reduction for abuse of discretion. *See United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Id.* (quoting *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021)).

In relevant part, 18 U.S.C. § 3582(c)(1)(A) permits a district court to reduce an individual's prison sentence if three requirements are met: First, "the defendant [must] fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or 30 days must lapse "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). Second, the district court must consider the factors weighed in imposing a sentence, set forth in 18 U.S.C. § 3553(a), "to the extent that they are applicable." *Id.* Third, the defendant "must demonstrate that his proffered circumstances are indeed 'extraordinary and compelling' such that, in light of [the] § 3553(a) factors, a sentence reduction is justified . . . and would not simply constitute second-guessing of the sentence previously imposed." *Keitt*, 21 F.4th at 71. (quoting § 3582(c)(1)(A)(i)).

"District courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id.* at 73 n.4 (quoting *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)). As a corollary, we may "affirm[] the denial of compassionate release" in "sole reliance on the applicable § 3553(a) sentencing factors" "without deciding whether there were extraordinary and compelling reasons for a sentence reduction." *Id.* at 73 & n.4.

2

We find no abuse of discretion in the District Court's consideration of the § 3553(a) factors. The District Court properly considered numerous § 3553(a) factors relevant to Rounds' motion for a sentence reduction—the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentencing disparities— and concluded that they outweighed any extraordinary and compelling reasons for a sentence reduction. In reaching its conclusion, the District Court reasoned that Rounds' criminal conduct was "particularly egregious." Special App. 15. He joined a criminal enterprise that engaged in repeated acts of violence. He trafficked significant amounts of drugs. And he participated in the murder of Shawn Kozma, beating him and ultimately placing his dead body in the back of a van for disposal. The District Court's weighing of Rounds' "particularly egregious" conduct alongside the specified § 3553(a) factors did not constitute an erroneous view of the law. Nor did the District Court assess the evidence in a clearly erroneous fashion. Rounds himself admits to the facts that the District Court considered. The District Court's conclusion that the § 3553(a) factors weighed against reducing Rounds' sentence was well within the range of permissible decisions.

Since a district court may "den[y] a defendant's motion under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors," we may affirm on that ground alone. *Keitt*, 21 F.4th at 73; *see id.* at 73 n.4; *see also United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021). As a result, we need not consider whether the District Court erred in allegedly considering only some of Rounds' proffered extraordinary and compelling reasons for a sentence reduction.

As an alternative ground for denying Rounds' motion, the District Court determined that Rounds was a danger to the community after consulting the policy statement for compassionate release contained in U.S.S.G. § 1B1.13(2). The present policy statement relating to compassionate release motions, however, applies only to motions filed by the Director of the Bureau of Prisons. *See United States v. Brooker*, 976 F.3d 228, 236–37 (2d Cir. 2020); *Keitt*, 21 F.4th at 71 n.2. It is thus inapplicable to Rounds' motion, which he, not the Director of the Bureau of Prisons, filed. Nonetheless, the record reveals a sufficient, independent basis upon which to affirm the District Court's order denying Rounds' motion for compassionate release: its consideration of the § 3553(a) factors, which, in any event, include "the need . . . to protect the public from further crimes of the defendant." § 3553(a)(2)(C); *see Jones*, 17 F.4th at 374.

## CONCLUSION

The District Court properly denied Rounds' motion for a sentence reduction filed under 18 U.S.C. § 3582(c)(1)(A). It did not abuse its discretion when it considered the factors contemplated in imposing a sentence—set forth in 18 U.S.C. § 3553(a)—and found that they outweighed any extraordinary and compelling reasons for a reduction.

3

We have reviewed all of the arguments raised by Rounds on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the September 28, 2021 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court