22-2337-cr
*United States v. Kenneth White*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6ᵗʰ day of December, two thousand twenty-three.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> DENNY CHIN,
> MICHAEL H. PARK,
> *Circuit Judges*.

―――――――――――――――――――――――――――――

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                                                    22-2337-cr

CAITLIN CONNELLY,

> *Defendant,*

KENNETH WHITE,

> *Defendant-Appellant*.

―――――――――――――――――――――――――――――

For Appellee:                    Katherine A. Gregory, Assistant United States Attorney, *on behalf of*, Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY.

1

For Defendant-Appellant:                Robert J. Boyle, Robert J. Boyle, Attorney at Law, New York, NY.

Appeal from a final order of the United States District Court for the Western District of New York (William M. Skretny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-Appellant Kenneth White ("White") was sentenced in 2016 to 156 months' imprisonment after pleading guilty to one count of sex trafficking by force, fraud, or coercion, in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(1). White challenged his sentence on direct appeal before this Court and then before the district court on collateral review under 28 U.S.C. § 2255. Both challenges were rejected.[1] In July 2022, White filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The district court denied his § 3582 motion, concluding, *inter alia*, that even assuming White "had demonstrated extraordinary and compelling reasons for a sentence reduction (which he has not)," any such reasons were "greatly outweighed by consideration of the [18 U.S.C. ]§ 3553 (a) factors." *White v. United States*, No. 13-CR-255S (1), 2022 WL 4244219, at *6 (W.D.N.Y. Sept. 15, 2022). For the following reasons, we AFFIRM the district court's denial of White's motion for compassionate release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*       \*       \*

---

[1] White's direct appeal and habeas petition were rejected on the basis of White's decision to enter into a plea agreement and attest to his knowing, voluntary, and competent waiver of the right to appeal and collaterally attack his sentence. *See White v. United States*, No. 16-1736 (2d Cir. July 16, 2018) (direct appeal); *White v. United States*, Nos. 18-CV-1315S, 13-CR-255S (1), 2022 WL 170607 (W.D.N.Y. Jan. 19, 2022) (habeas petition); *White v. United States*, Nos. 18-CV-1315S, 13-CR-255S, 2022 WL 2948974 (W.D.N.Y. July 26, 2022) (subsequent motion for reconsideration of habeas petition).

We review the denial of a motion for compassionate release for abuse of discretion. *See United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (quoting *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021)).

White argues that the sentencing court applied the wrong version of the Sentencing Guidelines to his crime of conviction and erroneously assessed two Criminal History points to his Guidelines calculation. He further contends that these two errors resulted in a significant increase in his prison sentence and therefore constitute extraordinary and compelling reasons to reduce his sentence. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Setting aside the merits of this claim, the district court declined to consider whether the alleged sentencing errors warranted § 3582 relief because White knowingly, voluntarily, and competently agreed not to directly appeal or collaterally attack any component of his sentence in his 2015 plea agreement. On appeal, White asserts that the district court abused its discretion by refusing to consider the merits of his claim, citing *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), which confirmed that when imprisoned persons move for § 3582 relief, district courts may consider "the full slate of extraordinary and compelling reasons" that are "br[ought] before them."[2] *Id.* at 237.

---

[2] Pursuant to Federal Rule of Appellate Procedure 28(j), White submitted a letter dated September 22, 2023 informing this Court of a recent amendment to Section 4A1.1 of the Sentencing Guideline ("Amendment 821"). Amendment 821 struck subsection (d) of Section 4A1.1, which previously accorded two Criminal History points to a guidelines calculation if a defendant committed the instant offense while under any criminal justice sentence. White notes that he was accorded two Criminal History points pursuant to this subsection at sentencing, which placed him in Criminal History Category III. White asserts that had he not been placed in Category III, it is reasonably possible that the court may have departed to Category I in light of its decision to depart from Category III to Category II. We disagree. Although the sentencing court granted White's request to reduce his Criminal History Category "on the basis that [Category III]

We need not decide whether claims that were knowingly and validly waived in a plea agreement fall under *Brooker*'s "full slate" pronouncement. Here, the district court's evaluation of the § 3553(a) factors offers an independent and fully adequate basis for denial of relief under § 3582(c)(1)(A). *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (explaining that "extraordinary and compelling reasons are necessary—but not sufficient—for a defendant to obtain relief under § 3582(c)(1)(A)"). The district court validly considered the nature and circumstances of White's offense, his personal history and characteristics, and the need for the sentence imposed to provide a just punishment, afford adequate deterrence, and protect the public from future crimes. As to the nature and circumstances of his offense, the district court reasonably concluded that White's operation of an interstate commercial sex business was, as he admitted in his motion for compassionate release, nothing short of brutal in nature. As to his personal characteristics, the district court reasonably concluded that White did not have an abnormal upbringing or a record of significant mental-health diagnoses or issues. Lastly, as to the purpose behind sentencing White to 156 months' imprisonment, the district court noted that White was already serving a sentence below the 15-year statutory minimum, and that further reducing his sentence would not properly account for the seriousness of the offense or advance any of the goals of sentencing enumerated in § 3553(a)(2).

The district court's assessment of the § 3553(a) factors and its resulting sentence determination was well "within the range of permissible decisions," *Keitt*, 21 F.4th at 71 (internal

---

overstate[d] the nature of [White's] criminal history and the likelihood that [he] will recidivate," the court further determined that "[g]iven the two countable violation level offenses," Criminal History Category II more aptly suited White's conduct. *United States v. White*, No. 13-CR-255 (1), ECF No. 98 (W.D.N.Y. May 20, 2016). For this reason, we are not convinced that the sentencing court would have departed further to Category I based on the Guidelines amendment.

quotation marks and citation omitted), as was its conclusion that "consideration of the [18 U.S.C. § ] 3553(a) factors outweigh[ed] any extraordinary and compelling reasons for a sentence reduction."  2022 WL 4244219, at *7.  We can discern no basis to vacate the district court's well-reasoned order.

We have considered White's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
