22-3061-cr
*United States v. Brown*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of February, two thousand twenty-four.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> RAYMOND J. LOHIER, JR.,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                22-3061-cr

RAY DAVIS,
> *Defendant*,

MARCUS BROWN,

> *Defendant-Appellant*.

---

| | |
|---|---|
| For Defendant-Appellant: | MAURICE J. VERRILLO, Law Offices of Maurice J. Verrillo, P.C., Rochester, NY. |
| For Appellee: | KATHERINE A. GREGORY, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY. |

1

Appeal from an order of the United States District Court for the Western District of New York (Siragusa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-Appellant Marcus Brown appeals from an order of the United States District Court for the Western District of New York (Siragusa, *J.*), entered November 3, 2022, denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Brown pleaded guilty in December 2020 to two counts of sex trafficking of a minor, and the district court sentenced him in January 2021 to concurrent 186-month terms for each count, plus eight years of supervised release. In July 2022, Brown filed a *pro se* motion for compassionate release. He argued that he suffered from numerous medical conditions that made him acutely vulnerable to COVID-19, and that his vulnerability was an extraordinary and compelling reason to modify his imprisonment term, particularly in light of the suboptimal public health conditions at the prison where he was incarcerated. As additional justifications for his release, Brown raised his family's need for his help at home and what he perceived to be unfairness in his sentence. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's denial of a motion for compassionate release for abuse of discretion. *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022) (per curiam). "[A] district court's discretion in this area . . . is broad," *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020), and a district court abuses its discretion only if it "bases its ruling 'on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions,'" *Halvon*, 26 F.4th at 569 (citing *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (alteration in original).

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a term of imprisonment only after considering the 18 U.S.C. § 3553(a) factors, finding that "extraordinary and compelling reasons warrant such a reduction," and determining that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Brown argues that it was an abuse of discretion to conclude that the 18 U.S.C. § 3553(a) sentencing factors weighed against his release. He also contends that the district court abused its discretion by determining that his unique risk of contracting COVID-19 did not amount to an extraordinary and compelling reason warranting compassionate release.

We need only disagree with one of these arguments to affirm the district court's judgment, *see United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (per curiam), and we do. The district court did not abuse its discretion in determining that the 18 U.S.C. 3553(a) factors weighed against a sentence modification in Brown's case. The relevant considerations include "the nature and circumstances of the offense and the history and characteristics of the defendant," among other factors. *See* 18 U.S.C. § 3553(a). The nature and circumstances of Brown's offense, as the district court observed, involved using force to recruit a 14-year-old and a 16-year-old to engage in commercial sex acts with others for Brown's financial gain and posting sexually explicit photos of them on the internet to advertise their availability. Moreover, "[Brown] decline[d] to take full responsibility" for these offenses, arguing in his motion for release that "the blame should be shared" between himself and his victims, in part because "a 16-year old female is more mature . . . than a 16-year old 50 years ago," App'x 283, and also because his specific victims "weren't quite the angels the prosecution makes them [out] to be," App'x 250.

Given the facts of Brown's offense and his own statements, the district court did not abuse its discretion in concluding that releasing Brown after he served less than one-third of his term

3

"would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from future crimes by the Defendant," App'x 283, all factors set forth in 18 U.S.C. § 3553(a).

Where the 18 U.S.C. § 3553(a) sentencing factors do not support modification of the sentence, a district court may not grant a compassionate release motion. Because the district court did not abuse its discretion in determining that the 18 U.S.C. § 3553(a) factors did not support releasing Brown, it correctly denied his motion for release. Remand is not warranted where "a district court's 'reasonable evaluation of the Section 3553(a) factors' is 'an . . . independent basis for denial of compassionate release.'" *Jones*, 17 F.4th at 374 (quoting *United States v. Robinson*, 848 F. App'x 477, 478 (2d Cir. 2021)). We therefore need not address the district court's separate finding that Brown failed to demonstrate extraordinary and compelling reasons for relief.

\* \* \*

We have considered Brown's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4